IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIAM DARRELL EDWARDS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0068 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner WILLIAM DARRELL EDWARDS has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the validity of three (3) convictions for the felony offenses of aggravated sexual assault, and one (1) conviction for the felony offense of indecency with a child by sexual contact out of the 181st Judicial District Court of Potter County, Texas. Petitioner is currently serving three (3) life sentences and one (1) 20-year sentence, consecutively, as a result of those convictions. For the reasons set forth below, the Magistrate Judge finds grounds 2 and 3 of petitioner's habeas application are barred from consideration as abusive, having been submitted in a previous 2254 habeas petition. Furthermore, petitioner's entire petition should be dismissed for lack of jurisdiction due to his failure to request permission from the Fifth Circuit to file a second or successive petition.

I.
PRIOR PROCEEDINGS

On March 13, 2006, petitioner filed with the United States District Court for the Southern District of Texas, Corpus Christi Division, a federal application for a writ of habeas corpus challenging his December 19, 2001 convictions. *Edwards v. Quarterman*, No. 2:06-CV-0117. In that habeas application, petitioner alleged: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; (3) evidentiary errors and judicial misconduct; and (4) denial of due process and equal protection as a result of a delay in obtaining trial court records (asserted as a basis for equitable tolling of the statute of limitations). On August 23, 2006, the Southern District dismissed petitioner's federal habeas application as time barred. Petitioner appealed to the Fifth Circuit Court of Appeals who denied petitioner a certificate of appealability on April 11, 2007, noting petitioner had failed to address the basis of the district court's ruling that his habeas application was time barred.

On June 23, 2008, petitioner filed with the Texas Court of Criminal Appeals an original application for a writ of habeas corpus. On July 9, 2008, that court denied petitioner's application as a motion for leave to file.

On March 11, 2009, petitioner filed the instant application for federal habeas relief.[1] In this habeas application, petitioner alleges: (1) ineffective assistance of appellate counsel; (2) ineffective assistance of trial counsel; and (3) prosecutorial misconduct.

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

## II.
## ABUSE OF THE WRIT

Title 28 U.S.C. § 2244(b)(1) provides:

> "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed."

(emphasis added). This statute forbids this Court from considering any claim presented in a second or successive petition for collateral relief that was previously presented in a prior petition. In this federal habeas application – petitioner's second – he raises grounds he previously raised in his first habeas application. Specifically, petitioner's second and third grounds alleging ineffective assistance of trial counsel and prosecutorial misconduct, respectively, were presented in the first petition filed in the Southern District. Consequently, this Court is prohibited from considering petitioner's second and third grounds as petitioner has abused the writ, and this Court is mandated by statute to dismiss such claims. *Cf. Denton v. Norris*, 104 F.3d 166 (8th Cir. 1997) (claim barred by the express words of section 2244(b)(1), "which could hardly be plainer").

## III.
## PERMISSION TO FILE APPLICATION

The instant habeas application asserts one ground not previously raised by petitioner in his first habeas application, *i.e.*, his first ground claiming ineffective assistance of appellate counsel for failing to raise the grounds asserted in his habeas applications. Title 28 U.S.C. § 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; <u>and</u>

  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(emphasis added). There is no requirement in the current statute that claims raised in a previous application be adjudicated on the merits or that an evidentiary hearing be held on the claims in order for a subsequent habeas application to be considered a "second" or successive application.

  Title 28 U.S.C. § 2244(b)(3)(A) further provides:

*Before* a second or successive application *permitted by this section* [2244(b)(2)(A), (B)] is filed in the district court, the applicant <u>shall</u> move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(emphasis added). Before a district court may consider a second or successive habeas corpus application allowed by the statute, the applicant must obtain permission from the appropriate court of appeals to file such application with the district court. Such permission may be acquired only by filing with the appropriate appellate court a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

  The application for habeas relief before the Court is clearly a "second or successive habeas corpus application" within the meaning of section 2244(b) because it raises claims concerning the same convictions and sentences to which petitioner's prior habeas application was addressed. Even

assuming the remaining, non-abusive claim asserted in ground one of this second application would be permitted by section 2244(b)(2), petitioner has not shown he obtained authorization from the Fifth Circuit Court of Appeals, the appropriate appellate court, to file this "second" federal habeas corpus application. Because petitioner has failed to move the appropriate appellate court for permission to file a "second" federal habeas petition with this Court as required by 28 U.S.C. § 2244(b)(3)(A), this Court has no authority to consider his request for relief. Consequently, this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus, and the application should be dismissed pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 2244(b)(3)(A) so that petitioner may seek the requisite order from the Fifth Circuit Court of Appeals authorizing the filing of this application.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner WILLIAM DARRELL EDWARDS be DISMISSED for lack of subject matter jurisdiction due to petitioner's failure to obtain permission from the Fifth Circuit to file a second or successive petition. Alternatively, it is the undersigned's RECOMMENDATION that Grounds 2 and 3 be DISMISSED for abuse of the writ.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this 23rd day of July, 2010.

    _____
    CLINTON E. AVERITTE
    UNITED STATES MAGISTRATE JUDGE

## * **NOTICE OF RIGHT TO OBJECT** *

    Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).